previously announced the times will be as allotted to council the first case today is number one eight one two six five united states versus john michael garcia-mojica good morning and may it please the court my name is joseph nisser assistant federal public defender from the district of puerto rico and we represent the defendant appellant john michael garcia-mojica we would request and i would request from chief judge howard permission to reserve four minutes for rebuttal yes thank you in this appeal the defendant appellant submits that the district court committed both procedural and substantive error by varying upward 49 months almost doubling the top of the guideline sentencing range in this case and by ordering that term of imprisonment to run consecutive with a yet to be imposed puerto rico state sentence i think it's important to remember at the outset the first sentence of 18 usc 35 53a which states that sentences shall be sufficient but not greater than necessary to fulfill the purposes of sentencing appellant submitted that in this case each of those guiding principles were violated during his sentencing process in a nutshell we believe that the sentence in this case was procedurally unreasonable because the district court selected a sentence based upon unsupported facts failed to justify the extent of the major variance in this case and failed to articulate the reason why this situation covered by 2k 2.1 prohibited firearm cases the elephant in the courtroom is obviously and i'm not going to skirt around the issue that defendants 2011 puerto rico conspiracy case involved dismissed murder charges the courts the district court's preoccupation and reliance on unsupported facts surrounding the earlier case is glaring throughout the sentencing transcript i will get to the district court's comments in a minute but i think it's important to remember how this case came to be postured in this way when the pre-sentence report was disclosed to the parties the government made an objection to the base offense level probation had scored the base offense level at 20 the government believed that to two offense levels should be added based upon the defendant having what they believe to be a violent uh a violent criminal offense or violent felony in his past the district court overruled the government's objection and found that they that the district court was going to disavow and not rely on any of the violent nature of that alleged incident based upon the shepherd documents that were presented to the court the court was presented with the charging documents the judgment of conviction as well as the um no plea colloquy but a sentencing memorandum just to refresh my mind uh what uh court sentence hit the 23 years uh the puerto rico camelot no which which court it was judged to in case number dla 2012 g 0124 judge rafael villafane riera where in the beaumont region criminal court court of first instance thank you yes and so the court agreed that it was not going to conclude or find that that offense was violent in nature and therefore there was nothing else in the pre-sentence report or in the defendant's history to indicate that he was had any violent character in his past ultimately the court considered that prior offense that beaumont state case for purposes of determining the defendant's criminal history category because it considered that he had a prior conviction for conspiracy which gave him one point in his criminal history and that he was on probation at the time that he committed this offense which gave him an additional two points so the judge considered that prior case in the permissible way that he was allowed to consider it however ultimately in fashioning his sentence it's clear that he based his variance on the defendant's criminal serious criminal history serious a one-point conspiracy charge non-violent in nature and that this is the sort of case that warrants the sentence i'm imposing well it didn't as i understood the record the sentencing judge expressly said he was not going to rely on the contested part of the prior condition he said that but actions speak louder than words judge and it's clear from all that he said he then gave he then gave when he came to the sentence he then gave other reasons exclusive of that for the very stiff sentence that he gave and so he we either it seems to me we either have to somehow disbelieve the judge's frank statement about what he was not doing or then find the reasons that he did give were as a matter of law inadequate don't we have to do one of those two things to rule in your favor i think you can do both i don't think well you certainly do both but yes we did neither don't lose if you do neither and you and you and you believe that that he was sincere and that he was not going to consider the violent nature of the prior case and the violent nature of his history despite everything else that is in the record of course i lose but i don't i don't see how this court can get there based upon the record as it stands now can you point to any precedent where a district court judge has point blank said he's not going to consider something and then there's no subsequent statement where he says he would consider it but we've nevertheless said we're going to disbelieve him and deem that he did consider it i can't point to any particular case with those exact fact patterns at this point or i'm happy on a rule 28 if the court requires can you point anything close to that because it it seems to me what you're running into is our limitation as an appellate court when it comes to statements by the trial court as to what it's considering what it's not seems to me as a as just a matter of the way the hierarchy of the courts are structured we would have to have some very unusual reason district court and i think this case presents it in that i think from the record you can see that the judge is paying lip service to the 3553a factors and just going through the motions and determining that i'm going to justify my variance based upon these reasons but the reasons that he gives are already built into the guidelines he expresses the judge and this is a gustavo gustavo offered no additional explanations for why he disagreed with the empirical studies or the policies behind the sentencing guidelines he offered no rationale for why he believed that the criminal history category was understated he offered no rationale for why he thought that the defendant was charged with was a serious offense he did but he in in that context he was he was talking about the other case he was talking about in the record he's talking about the puerto rico bayamon case that he's talking about he's not referring to the present case being serious he refers to him as being similar and characterizing him as the fictitional character in scarface it in a simple possession of a firearm by a prohibited don't say firearm machine gun it is in a prohibited in a in a case that involves the possession of a machine gun by a prohibited person there is no similarity at all with scarface when the person is arrested in a car as part of a routine traffic stop and the weapon falls simply out of the defendant's pants onto the concrete of the street if scarface was so sloppy and scarface had those kinds of skills um i don't think that judge helpee would have been comparing uh our defendant to someone like that because i don't i don't think we can rule that carrying a machine gun when you're a convicted felon is not a very serious offense and don't we have case laws of saying that judges can take local conditions into consideration and didn't he cite that as one of he did he the judge the judge cited it relying on the government's argument in flautas but what the judge also indicated to show that there is a um disparate treatment in these cases is that he's the judge indicated at appendix 66 that even if the guidelines had recommended probation or two months of imprisonment the judge would have given the same sentence that he gave to mr garcia mojica the judge is saying that he would have varied upwards by almost eight years an eight-year variance from two months to a hundred months based upon these facts based upon these same facts that that you have before you and i cannot imagine what an appellate court would think had it been presented with a case where a judge varied eight years above the guideline sentencing range in a case that did not involve a prior violent criminal history no history and characteristics which supported that mr garcia mojica was a violent person and all other factors having been considered as part of the guidelines the defense it's clear also that the court considered these other factors by uh attorney or court offered mr garcia mojica for his plea that he was given a herculean break by not having to serve any time in that serious offense and these mischaracterizations of mr garcia mojica and the unsupported facts that the prior case was violent in nature belie the record fixating on this singular episode in the defendant's history results in a gross sentence of adding four years extra on top of 23 let deterrent or or or rehabilitative effect such a disproportionate increase in the sentence can have is questionable at best good morning your honors and may it please the court i don't know if that is on behalf of the as procedurally and substantively reasonable i'd like to start with your point judge callada which is that the court here specifically disavowed any reliance on the underlying facts of the 2011 conspiracy conviction in fact the defendant admits that in his brief and admits that he has a very high hurdle um to uh to be able to contest that fact and as the defendant just uh admitted unless you find that the district court somehow we don't take the district court at its word which this court does not generally do the defendant would lose and there is simply no reason to not take the district court at its word he expressly disavowed any reliance on the 2011 conviction and said that he was giving the defendant every benefit of the doubt and in imposing his sentence he didn't mention any of the facts of the 2011 conviction it is true that he uh referred to it as a very serious offense and a serious conviction um and that is completely the case in that 2011 conviction the defendant was convicted of conspiracy under puerto rico law in puerto rico a conspiracy is a separate offense but he was convicted of conspiracy as a fourth degree felony which means that he committed conspiracy to commit a first or second degree felony offense in puerto rico which is an offense that would entail at least an eight-year penalty so regardless of whether it was conspiracy to commit murder or some other first or second degree felony it was a serious offense in addition to that he was also convicted of four firearms violations and refusal to obey to public authority so much so that he received a 23-year sentence for the that 2011 conviction again a very serious sentence because the underlying offenses were serious however as the district court correctly noted he was given a herculean break in that case because of the on his failure to learn from that monumental break in imposing an upward variant sentence here in addition to that the district court sufficiently explained the reasons for its upward variant sentence talking about the very dangerous nature of the machine gun that was possessed in this case and it wasn't just that it was a machine gun it was a machine gun with an obliterated serial number he possessed 47 rounds of ammunition in connection with that two extended magazines and this was all in public the defendant was found in a in a car with two other individuals just outside of a public hospital in addition the district court referred to the increased need for deterrence of machine gun related offenses in puerto rico which this court has consistently recognized as a valid basis for an upward variant sentence and then the last point that i'd just like to make is that even if the district court had relied on the underlying facts of the 2011 conspiracy it's inaccurate to state that there was insufficient evidence on the record to support that that was a violent offense or conspiracy to commit murder in fact the defendant's own words he admitted so in his uh sentencing memorandum and i'm reading from it and i quote in 2011 when garcia was 19 years old he and another young man armed conspired in the murder of a third person those are defendants own words in addition the psr stated the factual basis for that 2011 conviction in which it stated that it was for uh went to the san patricio plaza shopping center and shot and killed a person in the middle of the day and in addition to that if we look at the documents submitted by the government below which were the criminal complaint and the indictment in the case they provide a factual basis underlying the conviction of conspiracy which said that it was a conspiracy to commit murder because of of those facts of going to the shopping mall shooting and killing a person um and i'd like to correct just one other thing which is that there's nothing in the record to indicate that murder charges were dropped in this case he was initially charged with conspiracy in the fourth degree conspiracy in puerto rico which means that he conspired to commit a first or second degree offense of which murder is one uh and the complaint and the sentence he was uh convicted of conspiracy so he was convicted of the same offense that he was initially charged with um so at this point i'd like to pause and see if the panel has any questions if not the government judge howard okay the government rests on his brief and ask that please affirm the district court sentence in this case thank you your honors you and rebuttal i just want to either correct or add to what i had said earlier and that is that the judge had already taken into account that mr garcia mojica had failed to learn he received two additional points in his uh criminal history category for being on probation when he committed this offense in response to mr the assistant u.s attorney stating that somehow defendants own words that he should be held to the facts that are contained or the statements that are contained in the sentencing memorandum i don't think that shepherd documents include sentencing memorandums filed on behalf of a defendant in a case are you telling us that something was filed by the defendant to be ignored by by us it wasn't filed by the defendant it was filed by uh defense counsel that was that he would that was illustrating what the nature of the charges were not that he had committed a murder well but but but five parties usually held accountable for what the counsel states never to for a court to make a factual finding regarding the violent nature of an offense well that admission doesn't require any factual findings does it i'm sorry i missed if you have an admission do you have to also have a factual finding you have an admission by a party of course not by a party is that the attorney no i don't think that the attorney can be held to make a statement or a an inculpatory statement on behalf of his client his or her client i can't imagine then we're going to start uh mirandizing defense counsel before they are proffered on issues when they go when they speak to u.s attorneys i don't think a defense attorney should ever be held uh to in a sentencing memorandum when he care he or she characterizes a prior offense that that now is going to equate to the type of document that the court of appeals had in mind well but we're not looking for shepherd documents well you were yes the district court in this case was looking at each other this is a this wasn't a change of the mandatory minimum and mandatory maximum this is just the court's exercise of its discretion as to whether or not to vary upwards and the preponderance of fact finding applies there quasi quasi so for example we have plenty of cases where if the sentencing memorandum is silent you know it doesn't object to something in the psr we've said that the district court could give weight to what's in the psr it would seem to follow from that a brochure either what dr toroya said is correct that if the sentencing memorandum was not only silent but actually affirmatively admitted something that's in the psr why couldn't the district court judge rely on that because it's not it's not the defense counsel that brings the charges it's not the defense counsel in this case that that that makes statements on behalf of his client related to that prior offense they didn't this our office did not represent mr garcia mojica in that other offense all defense counsel was doing in the sense of memorandum was characterizing what the charges were not making any sort of inculpatory statement or characterizing and agreeing that that document is trying to present the defendant's view as deceptive is it not in a favorable manner of course and should we not accept the payroll allegations you make as as your position as to what the facts are well the mitigating factors so so if we can accept the favorable ones i would think that applies to the ones that are not favorable our office had no authority to make any sort of uh characterizations of that prior case we were there to represent represent our client zealously and the most effective way in this case not in the puerto rico case that really got my attention now because your office is specifically retained to assist in the sentencing is that and the sentencing expressly and foreseeably takes into consideration criminal history prior relevant conduct much historical information and if your office doesn't regard itself as having been retained to comment and advocate on behalf of the defender with regard to that historical information then i think you've got a big problem i think that our office advocated zealously for over 30 minutes at the sentencing in this case and but you effectively convinced what you said no i believe that we effectively and we convinced the judge to to state even though we don't believe he he followed his own words that he was not going to consider that puerto rico cases of violent offense so i think we did our job zealously and effectively and we should not be held to that one single sentence that characterizes the nature of the charges can you remind me of one thing the um the sentencing in this case was in march of 2018 almost a year and a half ago yes do we know whether the probation has been revoked in the state proceedings i inquired yesterday on the rama system which is the court of first instance here in puerto rico mr uh garcia mojica is still presently in custody with the bureau of prisons in bennettsville south carolina there was a revocation hearing that was scheduled on october 31st and mr garcia mojica did not make it to that he was not brought over for that hearing he remains out of state and it looks like that's going to continue to evolve thank you